UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS MARTINEZ,

    Plaintiff,

v.    Case No: 6:16-cv-1525-Orl-41TBS

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Defendant.

## ORDER

Pending before the Court are Defendant's Motion for Reconsideration (Doc. 22), and Plaintiff response (Doc. 23). Upon review, the motion is **GRANTED, in part and otherwise DENIED.**

### Background

Plaintiff Luis Martinez brings this action against his ex-employer, Julie L. Jones, in her Official Capacity as Secretary of the Florida Department of Corrections, alleging that he was subjected to gender discrimination and retaliation as a result of complaining about unfair and discriminatory treatment (Doc. 1). Attorney Samuel R. Mandelbaum filed an answer on behalf of Defendant (Doc. 8) and, on November 4, 2016, attorney Sara Sharp of Mr. Mandelbaum's firm filed her notice of appearance (Doc. 11). A Case Management and Scheduling Order was issued, and discovery commenced.

On May 15, 2017, Plaintiff filed a Motion to Compel Production of Documents (Doc. 17), and an Amended Motion to Compel (Doc. 18). According to the amended motion, Plaintiff propounded his First Request to Produce on February 6, 2017, and Defendant lodged objections and failed to produce relevant documents relating to

Requests 1, 5, 9, 10, 11, 13, 16, 20 and 27. Plaintiff sought an order compelling production and an award of attorney's fees under Rule 37(a)(5), Federal Rules of Civil Procedure. As Defendant failed to file a response to the motion, the Court treated the amended motion as unopposed (Doc. 20), granted it, and ordered:

> With the exception of information protected by the attorney-client privilege or work product doctrine, Defendant shall produce all documents responsive to Plaintiff's requests for production numbered 1, 5, 9, 10, 11, 13, 20 and 27 within ten days from the rendition of this Order. Within the same ten day period, Defendant shall furnish to Plaintiff, a privilege log sufficiently describing the information Defendant contends is privileged so that Plaintiff and the Court (if necessary) can evaluate Defendant's assertion of privilege with respect to each item listed in the log.

(Doc. 20 at 2). The Court also allowed Plaintiff to recover attorney's fees incurred in connection with his motion to compel. Id.

The next day, attorney Ashby C. Davis of Mr. Mandelbaum's firm filed a notice of appearance (Doc. 21) and Defendant filed this Motion for Reconsideration, under FED. R. CIV. P. 60(B). In the motion, Defendant agrees to produce documents responsive to Plaintiff's Requests No. 9, 10, 13, 20 and 27, but seeks reconsideration on the merits as to Requests No. 1, 5 and 11, and a withdrawal of the finding of Plaintiff's entitlement to an award of attorney's fees.

## Legal Standards

The applicable portion of Rule 60(b) cited by Defendant provides: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." Reconsideration of a court's order is an extraordinary remedy, and reconsideration is a

power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). Motions filed under Rule 60(b)(6)'s "catch-all" provision "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013) (citation omitted). The movant has the burden of showing such extraordinary circumstances. Absolute Activist Value Master Fund Ltd. v. Susan Elaine Devine, Orion Corp. & Trust Servs., Ltd., No. 2:16-CV-47-FTM-99MRM, 2017 WL 1885326, at *1 (M.D. Fla. May 8, 2017).

"A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Litigants cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). Ultimately, whether to grant the requested relief "is a matter for the district court's sound discretion." Galbert, 715 F.3d at 1294.

## Discussion

Defendant contends that reconsideration of the Order granting the amended motion to compel is warranted because: 1) there was no meaningful Local Rule 3.01(g) conference; 2) although Mr. Mandelbaum received the compel motions, "through calendaring oversight and error, the deadline to respond was not calendared;" and 3) Defendant's objections were substantially justified and an award of expenses would be

unjust in this circumstance.

Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." See Chambers v. Sygma Network, Inc., No. 6:12-CV-1802-ORL-37, 2013 WL 1775046, at *4 (M.D. Fla. Apr. 25, 2013).

Defendant argues that Plaintiff's counsel failed to satisfy the requirements of Rule 3.01(g) and FED. R. CIV. P. 37 prior to filing his motion to compel in that, Plaintiff's counsel only "vaguely and broadly" stated his disagreement with Defendant's responses to his requests to produce at deposition, and Plaintiff's counsel sent an email which stated, in part: "I will be sending you a detailed letter; please let that, along with our debate at the depositions yesterday… operate as our 3.01(g) conference, and I will be filing a Motion to Compel." (Doc. 22-3). Defendant claims that Plaintiff's counsel "never sent the promised 'detailed letter,' or any supporting precedent for his sweeping requests, nor did he otherwise attempt to discuss the resolution of Defendant's specific enumerated objections to his discovery requests" and, therefore, did not comply with 3.01(g). Plaintiff acknowledges that he did not send a further letter, contending that it would have been futile, in light of the "multiple discussions" with defense counsel about the documents Plaintiff was seeking.

Plaintiff's failure to send a detailed letter does not excuse Defendant from

responding to the motions to compel. The record shows that counsel spoke in-person and by email more than once about the production issues, and those interactions were substantive. Although Plaintiff proposed a further detailed letter, the filing of the motions was a clear indication that he had changed his mind regarding further efforts, and, based on the conversation counsel had before the motion to compel was filed, I have no reason to believe additional conferral would have made a difference.

Defendant next contends that reconsideration is warranted because the failure to properly calendar the response date is excusable as: a) associate attorney Sara Sharp had departed the firm in early March 2017, but is still shown as counsel of record; b) responsibility for the file was reassigned to associate, Ashby Davis, but he had not yet made a formal appearance; thus c) "only" Mr. Mandelbaum and his paralegal were included on the service list, and the paralegal failed to place the deadline on counsel's calendars. To the extent Defendant relies on the unheralded departure of one associate and the belated appearance of another, the failure to file a timely motion to withdraw[1] or notice of appearance is not the fault of Plaintiff or the Court. Appearances are personal to the attorney and the responsibility for assuring that defense counsel is registered to receive papers filed electronically lies solely with defense counsel. More importantly, Mr. Mandelbaum concedes that *he* received notice of the motions, making the issue of whether the correct associate was noticed irrelevant.

Nonetheless, "[e]xcusable neglect is an equitable determination that requires an examination into whether the moving party had a good reason for not responding timely and whether the opposing party would be prejudiced." Foudy v. Saint Lucie Cty. Sheriff's

---

[1] Indeed, as of this writing, Ms. Sharp remains as counsel of record for Defendant.

Office, No. 16-11215, 2017 WL 33545, at *3 (11th Cir. Jan. 4, 2017), citing In re Worldwide Web Sys. Inc., 328 F.3d 1291, 1297 (11th Cir. 2003). In determining whether excusable neglect exists, courts utilize a four-factor balancing test: (1) "the danger of prejudice to the [opposing party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993). Examination of these four factors supports the allowance of reconsideration.

There is no showing of prejudice, should the Court reconsider the motion to compel. The delay in seeking reconsideration was minimal; the motion immediately followed the Order. And, while I find that the reason for delay was within the reasonable control of the movant, I accept counsel's representation that this oversight is an anomaly and note that there is nothing to support a finding of willful neglect or bad faith. Thus, the instant motion is **GRANTED, to the extent it seeks a limited reconsideration of Defendant's objections to Requests 1, 5, and 11, on the merits**.

*Requests 1, 5 and 11*

The Requests at issue, and Defendant's Responses, read as follows:

**RFP No. 1:** Any and all correspondence, notes, memoranda, or other documents referring to complaints, charges or lawsuits claiming gender discrimination, retaliation, or hostile work environment by any employee at any FDOC facility in the Central Florida area or sector from 2010 to the present.

**Response:** Objection. The Plaintiff has not brought a hostile work environment or pattern or practice complaint. Thus, this request amounts to a "fishing expedition," and is overbroad, seeks information not relevant to any claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues,

and the burden of the proposed discovery outweighs its likely benefit. Additionally, it calls for the production of documents that, to the extent they exist, include, but are not limited to, privileged materials and attorney work product records.

\* \* \*

**RFP No. 5.** A copy of any and all complaints, lawsuits, charges of discrimination filed by any employee against FDOC alleging gender discrimination, hostile work environment and/or retaliation from 2010 to the present.

**Response:** Objection. This request is overbroad, unduly burdensome, and irrelevant, as it seeks information not relevant to any claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden of the proposed discovery outweighs its likely benefit.

\* \* \*

**RFP No. 11:** Any and all documents reflecting or referring to any FDOC's response to any complaints of gender discrimination, retaliation and/or racially hostile work environment which allege any employment violation, filed by anyone against FDOC in the Central Florida area or sector from 2010 to the present.

**Response:** Objection. This request seeks information not relevant to any claim or defense, as this is not a pattern and practice lawsuit. Additionally, this request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden of the proposed discovery outweighs its likely benefit. Furthermore, said request calls for the production of documents that, to the extent they exist, constitute attorney-client privilege and/or attorney work product.

Upon reconsideration, the objections are **overruled.** As Plaintiff noted in his amended motion to compel, "evidence of prior complaints of gender discrimination and retaliation (hostile work environment) and the manner in which those complaints have been responded to and addressed have always been admissible as evidence against a Defendant, particularly when Defendant raises a Faragher/Ellerth Defense as asserted by

Defendant in this case." (Doc. 18 at 7). Objections that the information sought is irrelevant are not well founded. Nor am I persuaded by Defendant's contention that the requests are overbroad because Plaintiff did not start work until December 2012, but seeks information from 2010 onward. As Plaintiff has alleged that his supervisor "has a pattern and history of reprimanding male Correctional Officers for 'insubordination'" (Doc. 1, ¶¶ 22, 41), discovery related to this alleged "history" and "pattern" necessarily involves a period of time prior to the incident. Two years prior to the start of his employment is not unreasonable. Finally, objections as to privilege are evaluated by review of the privilege log the Court has previously ordered. Put simply, while the Requests are not artfully drawn and could be more narrowly tailored, to the extent they seek production of documents relating to complaints, charges or lawsuits claiming gender discrimination or retaliation by Defendant in the same geographical area or sector as Plaintiff from December 2010 onward, they are within the proper bounds of discovery.

As for attorney's fees, when a district court grants a motion to compel, the moving party is entitled to recover its reasonable expenses, including attorney's fees, if the motion is granted or if the disclosure or requested discovery is provided after the motion was filed unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(A)(5)(A). Plaintiff is the prevailing party on the motion and fees pursuant to Rule 37 are still appropriate. Not only has Defendant only now agreed to produce documents as to five of the Requests, but I also find that the general objections asserted here do not substantially justify withholding *all* documents responsive to the substance of the requests.

In view of the foregoing, the motion to reconsider is **GRANTED,** to the extent it seeks reconsideration on the merits of Requests 1, 5 and 11 and is **DENIED** in all other aspects. On reconsideration, the Court's Order on the amended motion to compel is **CONFIRMED.** To the extent Ms. Sharp is no longer counsel for Defendant, she is **ORDERED** to file a motion to withdraw consistent with the Local Rules of the Court.

**DONE** and **ORDERED** in Orlando, Florida on June 5, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record